WILLIAM GREEN, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, New York Special Term, June 9, 1924.

Mortgages — corporation trust mortgage — liability of trustee to bondholders for negligence in drawing mortgage and failing to file instrument — clause in mortgage exempting trustee from liability for failure to refile indenture or protect lien of bondholders is against public policy — bondholder's amended complaint against trustee alleging negligence and fraud in drawing defective mortgage and failing to refile indenture deemed sufficient.

A provision in a corporate trust mortgage which exempts the trustee from recording or filing the indenture or doing any act for the continuation and conservation of the lien in the interests of bondholders secured by the mortgage is against public policy.

Accordingly, an amended complaint in a bondholder's action against a trustee which alleges negligence and fraud in drawing a defective mortgage, securing the bonds, and failure to refile the mortgage within the legally required time, states a cause of action, and defendant's motion for judgment on the pleadings, dismissing the complaint, will be denied though the mortgage contained a clause exempting the trustee from its duty to file the mortgage and thereby protect the lien of bondholders where the trustee was paid annual fees to protect the

·rights of bondholders. The acceptance of the trust by the trustee carried with it all the duties of a trustee, including its obligation to refile the mortgage from year to year and to repudiate the drawing of the defective mortgage in the interests of bondholders.

MOTION by defendant for judgment on the pleadings, dismissing plaintiff's complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

*Saul S. Myers (Selden Bacon, of counsel), for the plaintiff.*

*Harold Swain, for the defendant.*

BLACK, J. Defendant moves for judgment on the pleadings, dismissing the amended complaint, on the ground that it does not state facts sufficient to constitute a cause of action. A similar motion was made on the first complaint and granted by Mr. Justice Lehman, and this motion comes up on the complaint as amended in an effort to meet the objections pointed out in the opinion dismissing the original complaint.

In 1921 plaintiff bought bonds of the Leslie-Judge Company, issued in 1909. The bonds were secured by a mortgage or deed of trust, and covered practically all of the assets of the Leslie-Judge Company. This company went into bankruptcy in 1921, and when the federal court ordered its assets sold it decreed that the mortgage did not apply to them, because part of it was fraudulent and void against the unsecured creditors, and because it did not apply to certain classes of property, and because (if it was to be considered as a chattel mortgage) it was void as against unsecured creditors, in that it had not been refiled every year within the legally required time. The mortgage securing the bonds having been thus set aside, plaintiff was obliged to take the same amount as unsecured creditors, and he now sues defendant, as trustee of the mortgage, for (1) negligence in drawing the mortgage; (2) negligence or constructive fraud in signing the certificates upon the bonds as trustee; (3) actual fraud, consisting of misrepresentation; (4) negligence in failing as trustee to properly refile the mortgage.

Before the drawing up of the mortgage defendant was employed to reorganize the Leslie-Judge Company, and to prepare and draw up its securities, and to attend to all matters affecting their validity, and to act as trustee under the mortgage to be issued by the company. Defendant prepared all papers, including the proposed mortgage to itself as trustee, and undertook and assumed to properly discharge the duties of a trustee under such mortgage, and exercise due diligence in preparing and continuing the same for the immediate protection of the Leslie-Judge Company, and

of persons who might become owners of the bonds under the mortgage. Defendant also undertook to draw such a mortgage and do such things thereafter as required by law to give to purchasers of the bonds as security for the bonds a continuing lien on the plant, good will, copyrights, trade marks, choses in action, and all other property of the Leslie-Judge Company. The bonds state on their face: " This bond is one of a series of registered first mortgage bonds of Leslie-Judge Company varying in amount, but not exceeding in the aggregate the sum of $700,000, such bonds being numbered consecutively, beginning with the number 1, all of which are of like date, tenor, and effect, and due and payable on the 1st day of August, 1934. All of such bonds are secured by a certain indenture of mortgage or deed of trust, dated the 1st day of August, 1909, executed and delivered by said Leslie-Judge Company to Title Guarantee and Trust Company, as trustee, conveying all the personal property, property rights, copyrights, trade marks, and choses in action of the said obligor therein described, now or hereafter owned, which said mortgage or deed of trust has been duly delivered to said trustee, and has been filed in the office of the register of the county of New York, and reference is here made thereto for a more specific description of the property mortgaged, the rights of the holders of the said bonds, and the terms and conditions upon which said bonds are issued and secured."

The trustee's certificate on the bonds reads: " This bond is one of a series of bonds mentioned therein (see above quotation), not exceeding in the aggregate $700,000."

And plaintiff's contention is that this expression warrants its truth and guarantees the validity of the bond, and that defendant neglected its duties as trustee to file a statement or copy of the mortgage in 1912 and 1913, within the legally required time to prevent it becoming invalid against creditors. If the mortgage was improperly drawn (which the federal court has held), the failure to file or refile it could not have made the situation any worse to the injury of the bondholders, except that at any time prior to four months before the adjudication in bankruptcy, the trustee, if it had discovered the insufficiency of the mortgage and acted upon the question, could have requested the mortgagor, and the mortgagor could have made a new and adequate mortgage.

The mortgage, however, contains this expression: " The trustee is under no obligation to record or file this indenture in any office whatsoever, or to procure any additional instrument or further assurance or to do any act for the continuance or conservation of the lien hereof, or for giving notice of the existence of such lien."

The bond by reference to the mortgage made the mortgage **part**

of the bond, and if the clause quoted were not against public policy, then the defendant has a right to rely upon this exemption from liability for its negligence. But I believe such exemption is against public policy. The plaintiff, of course, claims that there is no exemption from liability to refile the mortgage, insisting on the strict language of the clause, and he claims that a failure to refile it has injured him, by destroying the lien of the mortgage. That the defendant did actually refile the mortgage after the proper time to my mind indicates that the defendant considered he had the duty to refile it at the proper time. Such failure was not alleged in the complaint passed upon by Mr. Justice Lehman. Since defendant's motion for judgment was granted, with leave to serve an amended complaint, plaintiff has amended, alleging that the failure to file within the proper time was due to gross negligence and carelessness on the part of the defendant in the performance of its duties as trustee, which were specifically announced by it for a valuable consideration, and he further alleges that until four months prior to the filing of the petition in bankruptcy, October 20, 1920, it would have been entirely possible for the company to have executed a new and valid mortgage in place of the mortgage drawn by the defendant. Plaintiff also alleges in his amended complaint that: " In addition to the foregoing, the Leslie-Judge Company paid to defendant's general counsel, and one of its directors, Walter Lindner, Esq., and to J. Wray Cleveland, one of its officers and directors, large sums of money from year to year, between 1910 and 1921, at the request of the defendant, and the defendant undertook, and said Walter Lindner and J. Wray Cleveland undertook for the defendant, to safeguard the interests of the Leslie-Judge Company and its bondholders (then existing, and future ones), and to see to it that the bonds would always be a good, valid, and subsisting lien on the property in question. And the defendant charged for and received year by year large sums of money for looking after the payment of interest on said bonds."

If the negligence of the draftsman of the trust agreement had been that of any person other than the defendant, there might be more to the contention of defendant; but defendant itself having been paid a large fee to see that the paper was properly drawn, and having presumably with knowledge that it was not properly done assumed to act as trustee, it was under obligation to the bondholders to repudiate the work of drafting and see that it was properly done, or demand a proper mortgage. Having taken fees annually to see that the rights of bondholders were protected, it cannot by exemption clauses emasculate its agreement to look

out for the bondholders, to whom it stood in a double trust relation: *First*, of having created a situation through its negligence; and, *second*, having ratified and affirmed it without effort to correct its errors. There was an implied duty, it seems to me, upon the defendant as trustee to see to it that the security of the bondholders should not be in any wise diminished or destroyed by an act of omission or commission on its part.

The acceptance of the trust by the defendant carried with it all the duties of a trustee, and this obligated it to refile the mortgage from year to year. The bondholders were secured creditors, and had a right to rely upon the certificate of the defendant, a well-known and organized company dealing in matters of this kind. It was this certificate that was the inducing reason for the taking of the bonds by the various bondholders, and this certificate in a measure fixed the price paid for the bonds. The facts here indicate a good cause of action for the omission and neglect of the defendant to perform the duties as trustee for the benefit of the bondholders. If individual bondholders could have refiled the mortgage, then it might be said that this omission was the cause of the loss; but the trustee's agreement did not relieve it from that duty. To hold otherwise would be to practically nullify any agreement with a trustee, and leave bondholders unprotected. I am satisfied the amendments take the complaint out of the ruling by Mr. Justice Lehman.

Motion denied, with ten dollars costs.