CHARLES A. BENTON, Plaintiff, *v.* SAFE DEPOSIT BANK OF POTTSVILLE, PENN., Defendant.*

Supreme Court, New York County, October 21, 1926.

*Karl A. Miner*, for the plaintiff.

*Rushmore, Bisbee & Stern*, for the defendant.

WASSERVOGEL, J. The supplemental affidavit filed by plaintiff (by consent of counsel for defendant), together with the proofs heretofore submitted, indicate *prima facie* a cause of action in plaintiff sufficient to support the attachment. The various articles of the trust agreement which refer to the procedure to be followed in the event that noteholders desire the trustee to institute suit for a breach of any of the provisions of the trust agreement have no application to a suit brought against the trustee for negligence in performing duties owed by it to the noteholders. One of the implied duties of a mortgage trustee is to diligently protect the security he has taken for the noteholders, and his most important

* Affd., 218 App. Div. 767.

obligation is to see to it that the trust deed is duly recorded so that no liens of a subsequent date will attach and obtain priority over the mortgage lien. (*Miles* v. *Vivian*, 79 Fed. 848, 851.) Any provision in the trust deed which exempts the trustee from performing this important duty is against public policy and, therefore, void. (*Green* v. *Title Guarantee & Trust Co.*, 123 Misc. 731; affd., 213 App. Div. 855.)

Motion denied.